# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
6/9/2020 1:02 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
Bruce D. Tingey, Esq.
Nevada Bar No. 5151
Tingey & Tingey
2001 W. Charleston Blvd.
Las Vegas, Nevada 89102
Telephone: (702) 333-0000
Facsimile: (702) 333-0001
bruce@tingeylawfirm.com
Attorney for Plaintiff

CASE NO: A-20-816280-C
Department 14

DISTRICT COURT

CLARK COUNTY, NEVADA

JESSICA LIS,

       Plaintiff,

vs.

WALMART INC. and DOES I through X, inclusive,

       Defendants.

Case No:
Dept No:

COMPLAINT
(Arbitration Exemption Claimed: Value in Excess of $50,000.00)

    COMES NOW plaintiff Jessica Lis, by and through the attorney, Bruce D. Tingey, Esq. of the law firm Tingey & Tingey, and for a cause of action against the defendants, and each of them, for damages and injuries sustained on or about July 16, 2018, alleges, on information and belief, as follows:

THE PARTIES

    1.    At all times relevant, plaintiff Jessica Lis is a resident of Clark County, Nevada.

    2.    At all times relevant, defendant Walmart Inc. is a corporation or other business entity doing business in Clark County, Nevada.

    3.    The true names and capacities of defendants doe I through X, inclusive, are unknown at this time and may be individuals, partnerships or corporations. The plaintiff alleges that each of the defendants designated herein as doe defendant is responsible in some manner for the damages as herein alleged and is further the agent, servant, master, employee or employer of one another, and is operating within the course and scope of their duties or is otherwise established in another type of relationship that will support a finding of joint and several liability. The plaintiff will seek to when their identities become known.

1

THE FACTS

4. On or about July 16, 2018, in Clark County, Nevada, plaintiff Jessica Lis was on the property of the Walmart Store located at 3041 N. Rainbow Boulevard, Las Vegas, Nevada, when she slipped and fell as the result of an unsafe condition that existed on the property ("unsafe condition") located at or near the white tile floor of an aisle.

5. The unsafe condition included a foreign substance (liquid, water, soda or another foreign substance) on the floor.

6. After the injury, the plaintiff saw an employee of defendant Walmart Inc. (defendant Doe I) taking a bag of apparent trash from the electronic department to the front of the store, leaving a trail of liquid from the bag onto the floor with the employee at the end of the trail of the liquid.




Slip & Fall area



Trail of water

2

7. The defendants and each of them are the owners or otherwise are responsible for the design, construction, development, maintenance, liabilities and safety of the area where the unsafe condition existed to cause the plaintiff's damages.

8. As a result of the unsafe condition, the plaintiff slipped and fell, becoming injured as a result.

9. The defendants and each of them are responsible for the safe condition of the patrons of the property, including the plaintiff.

10. The defendants and each of them knew or should have known about the unsafe condition that caused damages to the plaintiff.

11. The defendants and each of them created the unsafe condition that caused damages to the plaintiff.

12. The defendants and each of them failed to reasonably warn the plaintiff of the unsafe condition.

13. The plaintiff neither knew nor should have known of the existence of the unsafe condition.

14. As a result of the unsafe condition, plaintiff Jessica Lis was injured and suffered damages including special damages currently known to total $61,604.74 or according to proof, with treatment including a left knee surgery, along with general damages of past and future pain and suffering.

<u>CLAIMS FOR RELIEF</u>

FIRST CAUSE OF ACTION
<u>NEGLIGENCE (FAILURE TO HAVE SAFE CONDITION)</u>

15. The plaintiff incorporates herein by reference all allegations within this complaint and further alleges as follows:

16. The defendants and each of them owed a duty to the plaintiff, including a duty of due care and to act reasonably under the circumstances, even taking greater precautions to protect the plaintiff as one invited onto its premises, but breached that duty when the defendants failed to provide a safe condition for the plaintiff's use by creating and/or allowing to exist the unsafe condition alleged herein.

17. As a proximate cause of the negligence of the defendants, the plaintiff was injured and damaged in a manner as alleged herein.

3

## SECOND CAUSE OF ACTION
## NEGLIGENCE (FAILURE TO WARN)

18. The plaintiff incorporates herein by reference all allegations within this complaint and further alleges as follows:

19. The defendants and each of them owed a duty to the plaintiff, including a duty of due care, but breached that duty when the defendants failed to reasonably warn the plaintiff of the unsafe condition alleged herein.

20. As a proximate cause of the negligence of the defendants, the plaintiff was injured and damaged in a manner as alleged herein.

## THIRD CAUSE OF ACTION
## NEGLIGENCE (RESPONDEAT SUPERIOR)

21. The plaintiff incorporates herein by reference all allegations within this complaint and further alleges as follows:

22. At all times relevant, one or more persons, including one or more fictitiously named doe defendants, was acting within the course and scope of employment with defendants and each of them.

23. As such, defendants and each of them are legally responsible (vicariously liable) for the negligent conduct of is negligent employees as alleged herein.

24. As a proximate cause of the negligence of the negligent employee, which is imputed to defendants and each of them, the plaintiff was injured and damaged.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING/TRAINING/SUPERVISION

25. The plaintiff incorporates herein by reference all allegations within this complaint and further alleges as follows:

26. At all times relevant, one or more persons, including one or more fictitiously named doe defendants, was acting within the course and scope of employment with defendants and each of them.

27. At all times relevant, defendants and each of them were negligent in the manner in which they hired, trained and supervised the negligent employee.

28. As a result, the negligent employee created or caused to be created the unsafe condition described above to cause damages to the plaintiff.

29. As a proximate cause of the negligence of defendants and each of them, the plaintiff was injured and damaged.

4

## CAUSATION AND DAMAGES

30. The plaintiff incorporates herein by reference all allegations within this complaint and further alleges as follows:

31. As a direct and proximate result of all the foregoing, the plaintiff was injured in and about the spine, body, limbs, organs and systems, and was otherwise injured and caused to suffer great pain of body and mind, and some or all of the same are permanent and disabling conditions, all for the plaintiff's past and future general damages in excess of $15,000.00.

32. As a further direct and proximate result of all the foregoing, the plaintiff was caused and will be caused to expend monies for medical care and expenses incidental thereto, in an amount according to proof.

33. As a further direct and proximate result of all the foregoing, the plaintiff was caused and will be caused to suffer a loss of income and an impairment of earning capacity, in an amount according to proof.

34. The plaintiff has been required to hire an attorney to prosecute this action and is entitled to reasonable attorney fees and cost of suit.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays judgment against the defendants, and each of them, jointly and severally, as follows:

1. General damages in excess of $15,000.00;
2. Damages for medical expenses in an amount according to proof;
3. Damages for loss of income in an amount according to proof;
4. Reasonable attorney's fees and cost of suit; and
5. Any further relief which the court may deem just and proper in the premises.

Dated this 9th day of June 2020.

Tingey & Tingey

_____
Bruce D. Tingey, Esq.
2001 W. Charleston Blvd.
Las Vegas, Nevada 89102
Attorney for Plaintiff

5