1  ROBERT K. PHILLIPS, ESQ.
   Nevada Bar No. 11441
2  MEGAN E. WESSEL, ESQ.
   Nevada Bar No. 14131
3  LATISHA ROBINSON, ESQ.
   Nevada Bar No. 15314
4  **PHILLIPS, SPALLAS & ANGSTADT LLC**
   504 South Ninth Street
5  Las Vegas, Nevada 89101
   (702) 938-1510
6  (702) 938-1511 (Fax)
7  rphillips@psalaw.net
   mwessel@psalaw.net
8  lrobinson@psalaw.net

9  *Attorneys for Defendant*
10 *Walmart Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA LIS,<br>　　　　　　Plaintiff,<br>vs.<br>WALMART INC. and DOE I through X, inclusive,<br>　　　　　　Defendants. | Case No.: 2:20-cv-01324-JCM-EJY<br><br>**DEFENDANT WALMART INC.'S STATEMENT REGARDING REMOVAL** |

COMES NOW, Defendant WALMART INC. (hereinafter "Defendant", "Walmart" or "Petitioner"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following Statement Regarding Removal of Civil Action.

**1. The date(s) on which you were served with a copy of the Complaint.**

Plaintiff served Defendant Walmart with a copy of the Complaint on June 11, 2020.

**2. The date(s) on which you were served with a copy of the Summons.**

Plaintiff served Defendant Walmart with a copy of the Summons on June 11, 2020.

. . .

. . .

- 1 -

**3. In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of the defendant's evidence of the amount in controversy.**

Defendant Walmart properly removed this matter pursuant to 28 U.S.C. §§1332 and 1441. First, complete diversity exists in this matter. Walmart is a Delaware corporation with its principal place of business in the State of Arkansas, and is therefore, a citizen of the State of Delaware and the State of Arkansas.

Second, the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). In her July 8, 2020, Petition for Exemption from Arbitration, Plaintiff claims she was injured after falling at Wal-Mart Store No. 1838 on July 16, 2018. As a result of her fall, Plaintiff claims she incurred injuries and damages. Plaintiff now estimates that her past medical specials to date total $60,969.55. Plaintiff's Complaint states Plaintiff suffered general damages of past and future pain and suffering in excess of $15,000.00. Plaintiff's Complaint further states she will be seeking damages for lost wages and attorney fees.

Based on her alleged past medical specials and other claims for compensation, including past and future pain and suffering, damages for loss income, and attorneys' fees, Plaintiff's damages clearly exceed $75,000.00. As such, the 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met. Given Plaintiff's damages allegations, Plaintiff's claims satisfy the jurisdictional requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying in part on estimated future medical expenses to determine that amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that the claim exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

**4. If your notice of removal was filed more than thirty (30) days after you first received a copy of the Summons and Complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

The Petition for Removal was filed within thirty (30) days after the Plaintiff's Request for Exemption which was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000.00 federal diversity jurisdiction threshold.

**5. In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.**

Not applicable.  Petitioner removed this matter from state court less than one year from the date the action was commenced in state court.

**6. The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.**

Walmart believes all applicable defendants have made an appearance in this case.

DATED this 17th day of July, 2020.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Latisha Robinson*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
LATISHA ROBINSON, ESQ.
Nevada Bar No. 15314
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2020, I served a true and correct copy of the foregoing, **DEFENDANT WALMART INC.'S STATEMENT REGARDING REMOVAL**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| BRUCE D. TINGEY, ESQ.<br>Nevada Bar No. 5151<br>TINGEY & TINGEY<br>2001 W. Charleston Blvd.<br>Las Vegas, Nevada 89102 | Phone 702-333-0000<br>Fax     702-333-0001 | Plaintiff |

*/s/ Clarissa Reyes*
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC